HARRELL, administrator, *et al. v.* BANK OF LEESBURG *et al.*

PER CURIAM. The trial judge did not err in granting the interlocutory injunction and appointing the receiver, under the pleadings and evidence.          *Judgment affirmed. All the Justices concur.*

No. 4259. FEBRUARY 21, 1925. REHEARING DENIED FEBRUARY 28, 1925.

Injunction, etc.  Before Judge Littlejohn.  Lee superior court. January 17, 1924.

*R. R. Forrester, W. G. Martin,* and *Lippitt & Burt,* for plaintiffs in error.

*Pottle & Hofmayer, E. L. Forrester* and *Pope & Bennet,* contra.

### ON REHEARING.

PER CURIAM.  To prevent misunderstanding of the judgment heretofore rendered the court states that it was not its purpose to pass upon the validity or legality of the claims of any of the creditors; but believing that a proper case was made for the marshaling of the assets of the estate of the decedent, we affirmed the judgment of the court granting an injunction and appointing a receiver until the rights of all the parties can be determined upon a full hearing.

RUSSELL, C. J., dissenting.  Upon consideration of the motion for rehearing in this case, I am satisfied that the judgment of the lower court in the grant of an injunction and the appointment of a receiver, so far as the intervention of R. E. L. Spence is concerned, is error.  The power of attorney given by Lipsey to Lyon is amply sufficient to have authorized the execution of all of the security deeds and other conveyances referred to in this record.  Therefore the conveyance by Lyon, as attorney in fact for Lipsey, to R. E. L. Spence is as effective as if Lipsey himself had signed it.  There is no evidence tending to establish the insanity of Lipsey at the time the power of attorney was executed.  It does not seem to me that there is any sufficient reason shown why Spence should be restrained from proceeding to sell the property which was conveyed to him as security, for the purpose of collecting his debt.  The Bank of Leesburg, by amendment to its petition, disclaimed any attack upon the power of attorney.  This leaves remaining only the other two plaintiffs, both of whom are unsecured creditors without a lien; and in my opinion their claims are not of such a nature nor are the circumstances such as to have authorized the grant of an injunction or the appointment of a receiver.